IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

           Plaintiff,

vs.                                      Case No. 18-3135-SAC

BOARD OF COMMISSIONERS, et al.,

           Defendants.

**O R D E R**

This case is before the court upon plaintiff's motion for a preliminary injunction (Doc. No. 7) and plaintiff's motion for appointment of counsel (Doc. No. 12). Plaintiff is a pretrial detainee at the Cherokee County Jail. He is proceeding pro se. The court gives his pleadings a liberal interpretation.

I. Motion for preliminary injunction

    A. Plaintiff's allegations

Plaintiff alleges that, as a pretrial detainee at the Cherokee County Jail, in June 2017 he was placed on a medical diet because he had lost significant weight. At that time he weighed 151 pounds. Plaintiff left the Cherokee County Jail on November 28, 2017 weighing approximately 181 pounds and returned on February 1, 2018 weighing 171 pounds. Plaintiff claims that he lost five pounds during his first week back and that by May 31, 2018, he weighed 149 pounds. Plaintiff further asserts that defendant

Kristin Wagner, a nurse who attends to the jail, has followed a policy since plaintiff's return which does not permit a medical diet (in other words, increased food portions) as long as plaintiff's body mass index ("BMI") is 18 or more. Plaintiff alleges that he also has a staph infection and that he had to file a grievance to get antibiotics from Wagner. He asserts that she is retaliating against plaintiff because plaintiff has filed grievances, registered complaints with oversight agencies, and contacted government officials to object.

B. Preliminary injunction standards

The standards for a preliminary injunction are the same as the standards for a temporary restraining order.[1] Pruner v. Dept. of the Army, 755 F.Supp. 362, 364 (D.Kan. 1991). A preliminary injunction order is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. See Heideman v. S. Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003). To prevail on the motion, a plaintiff must establish: (1) that irreparable injury will result unless the order is issued; (2) the threatened injury outweighs whatever damage the proposed restraining order may cause the defendants; (3) the restraining order, if issued, will not be adverse to the public interest; and (4) a substantial likelihood

---

[1] Plaintiff sought and was denied a temporary restraining order recently in another case he has filed regarding his treatment in the Cherokee County Jail. See Case No. 18-3092, Doc. No. 11).

2

of success on the merits. Id. Where the movant decidedly prevails on the first three factors, he or she may establish a "likelihood of success" by showing questions going to the merits so serious, substantial, difficult, and doubtful as to make them ripe for litigation. Id. at 1189. Plaintiff appears to be seeking an injunction which would alter the status quo. In these circumstances, plaintiff must make a strong showing of a likelihood of success on the merits and that the balance of harms is in his favor. O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975-76 (10th Cir. 2004).

Federal statutory law requires that "[t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The Federal Rules of Civil Procedure also mandate reasonable specificity in the scope of an injunctive order. FED.R.CIV.P. 65(d)(1) provides that any order granting an injunction or restraining order "describe in reasonable detail . . . the act or acts restrained or required."

B. Analysis

1. Irreparable harm

This is the most important prerequisite to obtain a preliminary injunction or temporary restraining order. See New

Mexico Dept. of Game and Fish v. U.S. Dept. of Interior, 854 F.3d 1236, 1249 (10th Cir. 2017). A plaintiff must show a significant risk that he will be harmed in a manner that cannot be compensated after the fact by money damages. Id. at 1250 (quoting Fish v. Kobach, 840 F.3d 710, 751-52 (10th Cir. 2016)). The harm must not be not speculative; a significant risk of irreparable harm must be demonstrated. Id. (interior quotation omitted). Here, plaintiff's allegations leave the court to speculate as to whether there is an imminent risk of a physical injury and whether defendant's actions are chilling plaintiff's exercise of his First Amendment rights. There is no strong showing of either in the facts plaintiff has alleged. Moreover, plaintiff does not allege facts establishing that defendant Wagner's actions are motivated to retaliate against plaintiff. Without such a showing, the court cannot conclude that plaintiff will likely suffer a constitutional injury.

    2. Public interest

The Supreme Court and the Tenth Circuit have frequently recognized that it is in the public's interest to afford deference to jail officials in managing the day-to-day operations of a jail given the unique nature, needs and concerns in the prison or jail environment. See Doe v. Heil, 533 Fed.Appx. 831, 843-44 (10th Cir. 2013)(citing multiple Supreme Court cases and a Tenth Circuit case). The court has relied upon this factor as partial grounds

to deny other motions for injunctive relief against prison administrators. See Cox v. Denning, 2013 WL 1687094 *2 (D.Kan. 4/18/2013); Heistand v. Coleman, 2008 WL 5427772, at *6 (D. Kan. Dec. 31, 2008).

### 3. Likelihood of success on the merits

Because plaintiff has failed to allege facts demonstrating a retaliatory motive in his motion, the court finds that plaintiff has not established a likelihood of success on the merits.

### 4. Vagueness

Plaintiff's motion seeks "a preliminary injunction and temporary restraining order against [defendant] Wagner at the Cherokee County Jail for his immediate health and safety." Doc. No. 7, pp. 3-4. This vaguely described relief is not consistent with the requirements of 18 U.S.C. § 3626(a)(1)(A) and Rule 65(d)(1)(C). The vagueness also impedes the court's ability to balance the benefits and harms of any injunctive relief.

### 5. Summary

Upon review of the relevant legal factors and the facts alleged in plaintiff's motion, the court shall deny plaintiff's motion for a temporary restraining order.

## II. Plaintiff's motion for appointment of counsel

Plaintiff's motion for appointment of counsel shall be denied. The court's position is the same as the court explained

5

in another of plaintiff's cases, Waterman v. Crawford County Jail, Case No. 18-3035, Doc. No. 24. There the court stated:

> This case is before the court upon plaintiff's motion for appointment of counsel. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)).
>
> The court understands that plaintiff faces obstacles in presenting the facts and law concerning his case. But, the screening process has not been completed in this case. At this stage, plaintiff should be able to address the issues regarding whether a claim for relief has been stated and whether he disputes the policies and procedures and other facts alleged in the Martinez report. Considering all of the circumstances, including that the merits of the case are unclear, the court shall deny plaintiff's motion for appointment of counsel without prejudice to plaintiff renewing his request at a later point in this litigation.

III. Conclusion

For the above-stated reasons the court shall deny without prejudice plaintiff's motion for preliminary injunction (Doc. No. 7) and plaintiff's motion for appointment of counsel (Doc. No. 12).

7

**IT IS SO ORDERED.**

Dated this 27th day of June, 2018, at Topeka, Kansas.

                              s/Sam A. Crow  _____
                              Sam A. Crow, U.S. District Senior Judge