IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

vs.                                              Case No. 18-3135-SAC

BOARD OF COMMISSIONERS, et al.,

    Defendants.

**O R D E R**

This order shall address three pending motions. On June 26, 2018, the court filed a screening order (Doc. No. 13) which requested a <u>Martinez</u> report and directed plaintiff to show cause by July 19, 2018 why some of his claims should not be dismissed. Plaintiff was directed to show cause why all defendants except defendant Smith should not be dismissed from plaintiff's excessive force claim in Count I and plaintiff was directed to show cause why all of his claims in Count II, except for his claims regarding the denial of disciplinary hearings, should not be dismissed.

<u>Motion to Stay Proceedings</u> – Doc. No. 23

Although the motion is titled a motion to stay, plaintiff does not expressly ask for a stay in the body of the motion and spends most of his efforts addressing why the court should not dismiss Count I of the complaint against all defendants except defendant Smith. Thus, the motion appears to be a partial response

1

to the court's show cause order. The court will address that aspect of the motion as follows.

After review, the court finds that plaintiff's allegations in the motion to stay do not show that plaintiff has stated a plausible claim for governmental or supervisory liability for the alleged excessive force incident alleged in Count I. Plaintiff is a pretrial detainee at the Cherokee County Jail and defendant Smith was a jailer at that facility. Count I alleges that on August 8, 2017, after plaintiff and defendant Smith exchanged some unfriendly jibes, Smith (without warning) pushed plaintiff in the back with both hands into plaintiff's cell. Plaintiff alleges that he suffered a whiplash-type injury to his neck. Plaintiff alleges that various supervisory jail officers, the Sheriff of Cherokee County and the Board of Commissioners of Cherokee County are liable to plaintiff because of this incident. At pages 6-11 of Doc. No. 13, the court addressed the standards and factors to consider when evaluating governmental and supervisory liability.

In the screening order, the court also reviewed the standards for determining whether a complaint stated a claim. Doc. No. 13 at pp. 2-3. These standards require that factual allegations be sufficient to raise a right of relief above the speculative level – the test is one of plausibility, not mere possibility. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The application of these

standards is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In the motion to stay, plaintiff makes several conclusory allegations that there is widespread excessive force practiced at the Cherokee County Jail. Such conclusory allegations do not support a plausible claim for relief. See Bauer v. City and County of Denver, 642 Fed.Appx. 920, 925 (10th Cir. 2016); Burnett v. Mortgage Electronic Registration Systems, Inc., 706 F.3d 1231, 1239-40 (10th Cir. 2013); Boddie v. City of New York, 2016 WL 1466555 *3 (S.D.N.Y. 4/13/2016). Plaintiff also alleges that "years ago" there was an incident of excessive force which led to a policy change, i.e., that jailers wear body cameras at all times. Plaintiff alleges further (as he did in the original complaint) that defendant Smith and another jailer used excessive force against a different inmate by tasing him, but did not receive discipline. Plaintiff asserts that the failure to discipline defendant Smith because of the tasing incident caused Smith to use excessive force against plaintiff by shoving plaintiff in the back into his cell. Finally, plaintiff claims that there was a delay in reporting the shove in the back incident and a four-day delay in making medical care available to plaintiff.[1] This allegedly

---

[1] In the original complaint, plaintiff indicates that he received pain medication from a medical provider who served the jail.

3

was contrary to jail policy and demonstrates a culpable state of mind.

The court concludes that these allegations fail to show cause why all defendants other than defendant Smith should not be dismissed as to Count I. Plaintiff's allegations do not demonstrate a plausible causal link between a failure to discipline defendant Smith or other jailers for previous alleged misconduct and the incident on August 8, 2017. Nor do plaintiff's allegations plausibly show that governmental or supervisory defendants were deliberately indifferent to a predictable use of excessive force by the jailers (including defendant Smith) at the Cherokee County Jail.

"Rarely if ever is 'the failure of a police department to discipline in a specific instance . . . an adequate basis for [governmental] liability.'" Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 777 (10th Cir. 2013)(quoting Butler v. City of Norman, 992 F.2d 1053, 1056 (10th Cir. 1993)). Here, plaintiff does not allege facts plausibly showing the kind of persistent or widespread practice of failing to train or discipline that would constitute a county policy. See Hicks-Fields v. Harris County, 860 F.3d 803, 808-10 (5th Cir. 2017)(DOJ report regarding constitutional deficiencies at a jail was inadequate to establish a policy leading to the use of excessive force against an inmate). Nor has plaintiff alleged facts plausibly showing adherence to an

4

inadequate training or disciplinary regimen that defendants knew or should have known would lead to unconstitutional conduct as required for liability under the decision in City of Canton v. Harris, 489 U.S. 378, 390 (1989). There is a "stringent standard of fault" – deliberate indifference – which applied to these cases. Board of County Com'rs v. Brown, 520 U.S. 397, 410 (1997). The fact that a failure to properly discipline an officer in one instance may make a violation of rights more likely does not give rise to an inference that the failure produced the constitutional violation alleged in Count I. Id. at 410-11. The connection must be strong. Id. at 412. The alleged violation in Count I may have occurred even if discipline had been administered against defendant Smith because of the tasing incident. Plaintiff's allegations also do not plausibly show that the failure to discipline Smith previously reflected a conscious disregard of an obvious risk of excessive force would result, as is necessary to show deliberate indifference.[2] Moreover, plaintiff's claims that his grievances or requests were denied, delayed or ignored do not establish the personal participation required for liability under § 1983. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009); see also Mickelson v. Proctor, 2015 WL 148536 *4-5 (D.Colo.

---

[2] Although the Supreme Court cases cited by the court concern governmental liability, the court believes the analysis is applicable to questions of supervisory liability. See Vasquez v. Davis, 2016 WL 6997261 *2-3 (D.Colo. 11/30/2016).

5

1/12/2015)(disinterest shown to complaint of officer misconduct a month after alleged excessive force incident was not proof that supervisor caused the incident).

Near the end of the motion to stay, plaintiff states that he has attempted to contact the ACLU and other resources for legal assistance and that "the County" wants to keep plaintiff in jail while this suit is pending. If these statements are meant to support a request to stay proceedings in this case, the court shall deny the request. The court is not convinced that a stay would serve the interests of the parties or the court.

In summary, the court shall treat plaintiff's motion to stay as a partial response to the court's show cause order and as a request to stay. The court shall deny the request for stay and finds that plaintiff has failed to show cause why the court should not dismiss all defendants except defendant Smith from Count I of the complaint.

<u>Motion to extend time</u> – Doc. No. 24

Plaintiff seeks an extension of time to respond to that part of the court's show cause/screening order directing plaintiff to show cause why the court should not dismiss plaintiff's claims in Count II except for his claims regarding the denial of disciplinary hearings. Plaintiff states that his efforts to do legal work have been hindered because he has been locked down for days.

After due consideration, the court shall grant plaintiff time until August 8, 2018 to respond to that part of the show cause order concerning Count II of the complaint.

Motion for a Court Order against Cherokee County Jail – Doc. No. 25.

Plaintiff asks the court to direct the Sheriff of Cherokee County to allow plaintiff additional time to perform legal work while he is in segregation or to allow items for such work in his segregation cell. The court shall reject this motion.

The Supreme Court has often remarked that courts should give substantial deference to the judgment of prison administrators as to operational isues. See Overton v. Bazzetta, 539 U.S. 126, 132 (2003); Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Hughes v. Rowe, 449 U.S. 5, 20 (1980). See also, Wirsching v. Colorado, 360 F.3d 1191, 1200 (10th Cir. 2004). Plaintiff asserts that his litigation may encounter delays because of the impediments placed upon him while in segregation and that his writing quality is diminished because he is rushed. He also believes that he is being placed in segregation in order to slow the progress of his legal work and retaliate against plaintiff for his litigation.

The court is familiar, of course, with plaintiff's extensive work in this and related cases. At this point, plaintiff's broad allegations have failed to persuade the court to interfere with the operation of the prison in the manner he suggests.

7

The motion shall be denied.

Summary

In summary, plaintiff's motion for stay (Doc. No. 23) is denied.  The court further finds that plaintiff has not shown cause why the court should not dismiss all defendants except defendant Smith from Count I.  Therefore, those defendants are dismissed from Count I.  Plaintiff's motion to extend time (Doc. No. 24) shall be granted and plaintiff is granted additional time until August 8, 2018 to respond to the order to show cause why various claims in Count II should not be dismissed.  Finally, plaintiff's motion for a court order (Doc. No. 25) shall be denied.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2018, at Topeka, Kansas.

s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge