IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

     Plaintiff,

vs.               Case No. 18-3135-SAC

BOARD OF COMMISSIONERS, et al.,

     Defendants.

## O R D E R

  This case is before the court upon plaintiff's motion for leave to amend the complaint. Doc. No. 22. Because this case is in its early stages and service upon defendants has not yet been ordered, the court treats the motion as presenting additional claims for the court to screen pursuant to the court's responsibilities under 28 U.S.C. § 1915A. Therefore, the court applies the standards for screening pro se pleadings that the court discussed in a prior screening order. Doc. No. 13.

  Plaintiff's motion to amend seeks to add a claim alleging that defendants are improperly charging sales tax on stamped envelopes. The facts described in plaintiff's motion, however, fail to state a plausible constitutional claim or other violation of federal law. The Tenth Circuit has held that an inmate has "no constitutionally protected interest in buying stamps as cheaply as possible as 'there is simply no legal basis for a demand that

1

inmates be offered items for purchase at or near cost.'" McCall v. Keefe Supply Co., 71 Fed.Appx. 779, 780 (10th Cir. 2003)(quoting French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980)). See also, Amos v. Stolzer, 2014 WL 6473596 *9 (E.D.Mo. 11/18/2014)(quoting Poole v. Stubblefield, 2005 WL 2290450 *2 (E.D.Mo. 9/20/2005)(a prisoner has "'no constitutional interest in commissary prices and no legal basis for demanding that commissary items be offered tax-free'"); Pruett v. Burnett, 2010 WL 1959908 *1 (5/14/2010)(dismissing claim that County is violating the law by making a profit on stamps and charging sales tax on them); Richard v. Cupp, 2009 WL 840218 *5 (W.D.La. 3/25/2009)(dismissing claim that inmate was charged an additional ten cents for a book of stamps); Hardin v. Johnson, 2008 WL 906489 *4 (N.D.Miss. 4/1/2008)(same); Collins v. Virginia, 2006 WL 1587467 *1 (W.D.Va. 6/6/2006)(no constitutional right to purchase stamps at the cheapest price possible).

Plaintiff also asserts that his right of access to the courts has been denied. But, he fails to allege facts plausibly showing how he has been injured or denied the opportunity to advance a valid legal claim.

In summary, for the above-stated reasons, the court finds that plaintiff's motion for leave to amend fails to allege facts plausibly describing a constitutional violation. Therefore, plaintiff's motions to amend – Doc. No. 22 – shall be denied.

**IT IS SO ORDERED.**

Dated this 27th day of July, 2018, at Topeka, Kansas.


                    s/Sam A. Crow_____
                    Sam A. Crow, U.S. District Senior Judge