IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

        Plaintiff,

vs.                                      Case No. 18-3135-SAC

BOARD OF COMMISSIONERS, et al.,

        Defendants.

**O R D E R**

This case is before the court for additional screening, pursuant to 28 U.S.C. § 1915A, in light of a Martinez report which has recently been filed and plaintiff's response to the report. The court shall also rule upon some pending motions.

The court is mindful that:

> "A Martinez report is treated like an affidavit," Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991), and "Martinez reports have been used in this circuit almost exclusively to provide the court preliminary information, furnished by prison administration personnel, in pro se cases brought by prisoners against prison officials," Ketchum v. Cruz, 961 F.2d 916, 920 n. 3 (10th Cir. 1992). Thus, a Martinez report ordinarily is not a motion, much less a motion for summary judgment.

Dickey v. Merrick, 90 Fed.Appx. 535, 537 (10th Cir. 2003). The Tenth Circuit has further commented:

> Generally, "the sufficiency of a complaint must rest on its contents alone." Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010). While there are limited exceptions, Martinez reports don't fall within those exceptions "unless 'the plaintiff challenges a prison's policies or established procedures and the Martinez report's

1

>   description of the policies or procedures remains
>   undisputed after plaintiff has an opportunity to
>   respond.'" Id. (quoting Hall, 935 F.2d at 1112).

Winkel v. Hammond, 704 Fed.Appx. 735, 737 (10th Cir. 2017). Thus, in general, the court may not look to the Martinez report to resolve a factual dispute. Id., citing Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993).

I. The complaint

The complaint alleges excessive force in Count One. In Count Two, the complaint alleges a violation of the Prison Rape Elimination Act, retaliation against plaintiff for exercising his First Amendment rights, and the denial of disciplinary hearings in violation of plaintiff's Due Process rights. Finally, in Count Three, plaintiff alleges an unconstitutional policy which has denied him adequate nourishment in violation of plaintiff's Due Process rights.

The complaint names the following persons as defendants: Pat Collins, a member of the Board of Commissioners of Cherokee County; Cory Moates, a member of the Board of Commissioners of Cherokee County; Neal Anderson, a member of the Board of Commissioners of Cherokee County; David Groves, Sheriff of Cherokee County; Michelle Tippie, Captain of the Cherokee County Jail; Ayrek Smith, a correctional officer at the jail at relevant times alleged in the complaint; Amanda Phillips, a shift supervisor at the jail; April Macafee, a sergeant at the jail; Thomas Degroot, an officer

2

at the jail; Kristin Wagner, a nurse who does work at the jail; and Curtis Nida, a correctional officer at the jail. The caption of the complaint also lists the "Board of Commissioners" as a defendant. The court assumes plaintiff is suing the Board of Commissioners of Cherokee County.

II. Previous orders

In previous orders, as to Count One, the court has dismissed all defendants except defendant Smith. As to Count Two, the court has dismissed all claims except for plaintiff's claims regarding the denial of disciplinary hearings.

In the court's first screening order, the court asked for a Martinez report addressing plaintiff's remaining claims in Count Two (the denial of disciplinary hearings) and Count Three.

III. Additional Screening

The court employs the screening standards and pro se pleading guidelines that the court summarized in the first screening order. Doc. No. 13, pp. 1-3.

A. Count Two

In Count Two plaintiff alleges that he was illegally denied "at least 5 disciplinary hearings."[1]  Doc. No. 1, p. 4. The Fourteenth Amendment's Due Process Clause prohibits a pretrial detainee from being punished without due process prior to a lawful

---

[1] Plaintiff alleges a similar claim in Count One of Case No. 18-3092. But, that appears to involve a different incident.

3

conviction. Peoples v. CCA Detention Centers, 422 F.3d 1090, 1106 (10th Cir. 2005)(citing Bell v. Wolfish, 441 U.S. 520, 535 (1970)). A pretrial detainee, however, may be subjected to the conditions and restrictions of incarceration so long as those conditions and restrictions do not amount to punishment.[2] Id.

Upon additional review of the complaint and consideration of the Martinez report and plaintiff's response, the court has determined that plaintiff's claim in Count Two regarding the denial of disciplinary hearings should continue beyond the screening stage.[3]

B. Count Three

In Count Three plaintiff alleges that his due process rights against punishment as a pretrial detainee were violated because he was denied a diet required for medical reasons to prevent plaintiff from losing weight. Plaintiff alleges in this case and in Case No. 18-3092 that his weight has dropped from 177 pounds on February 1, 2018 to 149 pounds or less in July 2018.

---

[2] Contrary to the suggestion in the Martinez report, Doc. No. 39, p. 6, the "atypical and significant hardship" test in Sandin v. Conner, 515 U.S. 472 (1995) does not apply to pretrial detainees. Peoples, 422 F.3d at 1106 n.12.
[3] Plaintiff's recovery for this alleged violation and other violations may be limited by 42 U.S.C. § 1997e(e) which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Plaintiff may still argue for nominal and punitive damages even if the prohibition in § 1997e(e) applies. Searles v. Van Bebber, 251 F.3d 869 (10th Cir. 2001)(reversing compensatory damages award on a first amendment claim brought by prisoner, but holding that nominal and punitive damages are not barred by the statute).

The Martinez report indicates that the jail staff follows the recommendations of its contract health care provider, defendant Kristen Wagner, who has at times ordered increased caloric intake for plaintiff and who in 2018 has followed a protocol which ties the allowance of a special diet to an inmate's body mass index (BMI).

A conditions of confinement claim by a pretrial detainee is governed by the same standards as a conditions of confinement claim by an inmate serving a sentence. Ledbetter v. City of Topeka, 318 F.3d 1183, 1188 (10th Cir. 2003). In general, a prisoner may demonstrate a violation of the Eighth Amendment with respect to conditions of confinement if he shows that he has been deprived of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety. Farmer v. Brennan, 511 U.S. 825, 832 & 834 (1994). The prisoner must show that the conditions were so critical that they posed a substantial risk of serious harm and that the defendants acted with deliberate indifference, i.e., that the prison officials knew of or disregarded a substantial risk of serious harm by failing to take reasonable measures to abate it. Id. at 847.

Plaintiff has made allegations from which one could reasonably infer that he has lost significant weight and that the weight loss is linked to a lack of nutrition. This together with

5

other allegations suggesting knowledge and indifference is sufficient to state a § 1983 claim. See <u>Ingrassia v. Schafer</u>, 825 F.3d 891, 899 (8th Cir. 2016). The court finds that Count Three should be permitted to proceed beyond the screening stage.

 C. <u>Defendants Nida and Macafee</u>

The court finds no allegations to support a claim against defendants Nida and Macafee. Therefore, plaintiff's claims against these defendants shall be dismissed without prejudice.

 D. <u>Defendants Collins, Moates and Anderson</u>

Plaintiff sues these defendants in their individual and official capacities as county commissioners. These defendants can only be personally liable if plaintiff pleads and proves: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind. <u>Cox v. Glanz</u>, 800 F.3d 1231, 1248–49 (10th Cir. 2015). Plaintiff alleges that he has written the Board of County Commissioners numerous letters. Doc. No. 1, pp. 2, 6 and 11; Doc. No. 42-1, p. 2. It is unclear exactly what plaintiff communicated to the commissioners or when he did so. So, the alleged facts do not plausibly demonstrate a culpable state of mind. Plaintiff generally asserts inadequate training, supervision and discipline. He further claims that the BMI policy is unconstitutional. But, plaintiff does not allege specific facts showing the individual defendants' responsibilities for causing a violation of plaintiff's rights through the execution of certain

policies or a failure of supervision. So, personal involvement and causal connection are also not plausibly described. The court concludes that plaintiff's claims lack sufficient factual detail to state a plausible claim against Collins, Moates and Anderson in their individual capacities. The Court will allow plaintiff to file an amended complaint re-alleging this claim, if and when he has sufficient facts to do so.

The official capacity claims against these individual defendants have the same legal effect as suing the Board of County Commissioners.[4] See <u>Estate of Hammers v. Douglas County, Kansas Board of County Commissioners</u>, 303 F.Supp.3d 1134, 1146 (D.Kan. 2018). Plaintiff has named the Board of County Commissioners as a defendant. The Board is the suable entity of the county. See K.S.A. 19-105. It is superfluous to name the individual commissioners in their official capacities, and therefore the claims against defendants Collins, Moates and Anderson in their official capacities shall be dismissed.

IV. <u>Motions to amend</u>

There are five motions to amend pending before the court. Doc. Nos. 18, 21, 33, 34 and 37. The court shall deny the motions

---

[4] Also, a suit against Sheriff Groves in his official capacity is the equivalent of a suit against the Cherokee County Board of Commissioners. <u>Sigg v. Allen County, Kansas</u>, 2016 WL 6716085 *7 (D.Kan. 11/15/2016); see also <u>Layton v. Board of County Com'rs of Oklahoma County</u>, 512 Fed.Appx. 861, 871 (10th Cir. 2013)(County may be liable on basis of Sheriff's actions as final policymaker with regard to jail).

7

at Doc. Nos. 33 and 34 because they are duplicative of Doc. Nos. 18 and 21.[5]

At Doc. No. 18, plaintiff seeks to add Danny Davis and an unnamed food provider for the Cherokee County Jail as defendants. Plaintiff asserts that they are responsible for providing nutritionally inadequate meals at the jail. The Constitution requires that inmates receive "'the basic necessities of [nutritionally] adequate food.'" Trujillo v. Williams, 465 F.3d 1210, 1227–28 (10th Cir. 2006)(quoting Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998)). The failure to provide an adequate diet by a prison or jail employee or contractor with deliberate indifference may state a claim under § 1983. Id.

Plaintiff's motion to amend is not in proper form as plaintiff has been told previously. See Doc. No. 31. But, the court shall treat the motion to amend as a motion to supplement the allegations in Count Three. As such, the motion shall be granted and defendants Davis and the unnamed food provider shall be added as defendants.

Plaintiff's motion also seeks to "add" defendants Groves, Tippie, Collins, Moates and Anderson as defendants. These persons, however, are already listed as defendants. So, the court treats

---

[5] Plaintiff has sent the court a letter (Doc. No. 38) suggesting that he has sent motions which the court has not received. And, plaintiff states in Doc. Nos. 33 and 34 that he has previously sent the same requests to amend. Obviously, the court did receive the previous requests in Doc. Nos. 18 and 21.

8

plaintiff's motion as merely clarifying his claim that these persons are liable for the actions alleged in Count Three.

At Doc. No. 21, plaintiff seeks leave to amend the complaint to add Dr. Johnathan Manzer and the Manzer Health Clinic as defendants as to plaintiff's malnourishment claims; to allege medical neglect by defendant Wagner and the Manzer Health Clinic in the treatment of a staph infection; and to claim that defendant Wagner intentionally manipulated the weights recorded for plaintiff. Again, this motion to amend is not in proper form as plaintiff has been told previously. But, the court shall treat the motion to amend as a motion to supplement the allegations in the complaint. As such, the motion shall be granted and Dr. Johnathan Manzer and the Manzer Health Clinic shall be added as defendants.

In plaintiff's motion for leave to amend complaint at Doc. No. 37, plaintiff alleges an incident of excessive force involving defendant Degroot. This is another instance where the motion to amend is not in proper form. But, the court shall treat the motion to amend as a motion to supplement the allegations in the complaint. Plaintiff's motion indicates that he seeks to sue defendants Anderson, Collins, Moates, Groves and Tippie for some role in the excessive force event. Plaintiff, however, fails to plausibly allege facts describing an affirmative link between these persons and the alleged incident of excessive force.

Accordingly, at this stage, the court shall not consider defendants Anderson, Collins, Moates, Groves and Tippie as part of the excessive force claim plaintiff describes in Doc. No. 37.

V. <u>Motion to dismiss</u>

The motion to dismiss (Doc. No. 40) filed on behalf of the Board of County Commissioners and the individual commissioners in their individual and official capacities is largely moot by reason of the court's holdings in part III(d) of this order. To the extent the motion argues for the dismissal of the Board of County Commissioners, the motion is denied without prejudice. At this stage it is plausible, for instance, that plaintiff's surviving claims could lead to injunctive relief against the Board.

VI. <u>Motions for issuance of subpoenas</u>

Plaintiff has filed two hand-written subpoenas duces tecum (Doc. Nos. 28 and 29) which have been docketed as motions for issuance of subpoenas. The proposed subpoenas do not comply with Fed.R.Civ.P. 45(a)(1)(A)(iv) or 45(a)(2), (3) and (4). The effort to begin discovery at this stage also seems premature because the court has not authorized issuance of summons in this case or initiated the supervision of discovery. Therefore, the motions for issuance of subpoenas shall be denied.

VII. <u>Conclusion</u>

In conclusion, the court directs the following:

10

1) the motions to amend at Doc. Nos. 33 and 34 are denied as duplicative;

2) the motion to amend at Doc. No. 18, treated as a motion to supplement, shall be granted in part, adding as defendants Danny Davis and an unnamed food provider with regard to Count Three;[6]

3) the motion to amend a Doc. No. 21, treated as a motion to supplement, shall be granted, adding Dr. Johnathan Manzer and the Manzer Health Clinic as defendants as to Count Three, and adding a separate claim against defendants Wagner and the Manzer Health Clinic as to the treatment of a staph infection;

4) the motion to amend at Doc. No. 37, treated as a motion to supplement shall be granted in part, adding an excessive force claim against defendant Degroot;

5) defendants Nida and Macafee shall be dismissed from this action;

6) defendants Collins, Moates and Anderson are dismissed from this action, consistent with this order;

7) the motion to dismiss at Doc. No. 40 is denied without prejudice;

8) the motions for issuance of subpoenas at Doc. Nos. 28 and 29 shall be denied.

Finally, by October 2, 2018 plaintiff shall file an amended complaint upon court-supplied forms which describes the claims and defendants the court has permitted to continue in this action. This is intended to bring more order and clarity to the litigation so that an answer or response may be more easily filed. <u>Plaintiff is also directed not to file any further motions to amend or to supplement his pleadings until later notice from the court</u>. The

---

[6] Plaintiff is responsible for determining the name of the unknown defendant and amending the complaint to add the named defendant.

11

Clerk of the Court is directed to transmit complaint forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2018, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge