# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,     )
                            )
            Plaintiff,      )
                            )
v.                          )   Case No.: 18-3135-CM-KGG
                            )
BOARD OF COMM'RS OF         )
COLUMBUS, KANAS,            )
                            )
            Defendant.      )
_____)

## MEMORANDUM & ORDER

Now before the Court is Plaintiff's "Motion to Have Envelopes Examined by an Expert and Counsel Appointed to Represent Plaintiff" (Doc. 89). As discussed below, Plaintiff's motion is **DENIED without prejudice**.

The Court notes that Plaintiff has filed three prior motions requesting counsel (Docs. 12, 46, 59) all of which have been denied without prejudice (Docs. 14, 48, 82). In the most recent of these, Plaintiff requested counsel in order to protect him from the actions of Captain Michelle Tippie (Doc. 59), similar to his request in the present motion. Plaintiff also indicated that he needed counsel in order to retain an expert on the issue of the standard of care. (*Id.*)

The Honorable Magistrate Judge Teresa James denied the most recent motion, without prejudice, finding that Plaintiff's newly stated reason did not

justify the appointment of counsel. (Doc. 82.) Magistrate Judge James indicated the Court would "revisit Plaintiff's request for appointment of counsel if his case survives summary dismissal after Defendants have had an opportunity to respond to Plaintiff's claims." (*Id.*)

In the context of Plaintiff's most recent request for counsel (Doc. 89), the Court again finds no justification for appointing counsel at this time. The motion is again **DENIED without prejudice**, to be revisited if Plaintiff survives summary dismissal.

The Court also denies Plaintiff's request to have an expert appointed to inspect his mail. The Court may exercise its own discretion to appoint an expert witness as authorized by one or more of the following rules: Fed.R.Civ.P. 56 (relating to motions for summary judgment), Fed.R.Evid. 706(a) (regarding court-appointed expert witnesses), and D. Kan. Rule 26.4(a) (regarding court-appointed experts). As the Court understands Fed.R.Evid. 706(a) and D. Kan. Rule 26.4, the Rules "create appropriate procedures, if it finds that expert testimony by one or more appointed witnesses would be appropriate and helpful to decide the case." *Cox v. Ann*, No. 12-2678-KHV-GLR, 2014 WL 1011679, at *3 (D. Kan. March 14, 2014).

"The Court can readily note that parties in civil litigation seldom involve these two rules for appointment of expert witnesses." *Id*. Further, "federal law

generally does not authorize the Court to appoint an expert witness to testify on behalf of an indigent Plaintiff in a civil case." *Id*. "Unless the Court determines otherwise, however, any such appointment would be for the benefit of the Court, the trier of fact, and all parties, and not simply for the benefit of the Plaintiff or as a substitute for a retained expert witness under Fed. R. Civ. P. 26(a)(2)." ***Cox v. Ann***, No. 12-2678-DDC-GLF, 2014 WL 6474210, at *5 (Nov. 19, 2014). As such, the Court **DENIES** Plaintiff's request to have his mail examined by an expert witness.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Have Envelopes Examined by an Expert and Counsel Appointed to Represent Plaintiff" (Doc. 89) is **DENIED** as more fully set forth above.

IT IS SO ORDERED.

Dated this 7th day of February, 2019, at Wichita, Kansas.

                                         s/ KENNETH G. GALE
                                         HON. KENNETH G. GALE
                                         U.S. MAGISTRATE JUDGE