**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BRIAN WATERMAN,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Case No. 18-3135-CM-KGG
BOARD OF COMMISSIONERS OF　　　　)
COLUMBUS, KANSAS, et al.,　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　)
　　　　　　　　　　　　　　　　　)

**MEMORANDUM AND ORDER**

Plaintiff Brian Waterman, a prisoner in the Cherokee County Jail, brings this civil rights action pro se against a number of defendants associated with the jail. The case is before the court on two motions for preliminary injunctions (Docs. 57 and 65), as well as a third motion that also seeks injunctive relief (Doc. 86). All three motions were filed by plaintiff. These motions for injunctive relief are not the first filed in the case; the court has already denied three motions for injunctive relief filed in this case by plaintiff.

The relief that plaintiff seeks in each motion is not entirely clear, but it appears that plaintiff seeks (1) an order restricting defendant Michelle Tippie from taking actions that might result in harm to plaintiff by other inmates; (2) an order transferring plaintiff to a safer jail; and (3) an order prohibiting defendant Tippie from opening plaintiff's outgoing legal mail.

A preliminary injunction must relate to the conduct asserted in the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (citation omitted). "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the

-1-

movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007); *Am. Civil Liberties Union of Kan. & W. Mo. v. Praeger*, 815 F. Supp. 2d 1204, 1208 (D. Kan. 2011). Injunctive relief is an "extraordinary remedy." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). With that in mind, the court requires parties to clearly establish its necessity. *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989). The right to relief must be "clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

Three types of injunctions are disfavored in the Tenth Circuit and are subjected to a heightened burden. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). These include preliminary injunctions that (1) disturb the status quo; (2) are mandatory—not prohibitory; or (3) afford the movant substantially all the relief recoverable after a trial on the merits." *Id.* Courts more closely scrutinize requested relief within these categories. *Id.* And when seeking a disfavored injunction, movants are unable to rely on the Tenth Circuit's modified likelihood-of-success-on-the-merits standard. *Id.* "Instead, a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms . . . ." *Id.* at 976.

Here, there are multiple problems with plaintiff's requested relief. First and foremost, the relief requested does not relate to the claims in the operative complaint. The operative complaint (Doc. 53) contains five counts: (1) excessive force on one occasion by a former jail officer, defendant Ayrek Smith; (2) denial of disciplinary hearings and a fabricated disciplinary charge by defendants Tippie and Thomas Degroot; (3) unconstitutional dietary policy; (4) another single instance of excessive force, by

defendant Degroot; and (5) medical neglect by defendant Kristin Wagner. The complaint does not allege claims relating to the requests for preliminary injunctions. The motions seek relief for defendant Tippie's alleged failure to prevent (or her attempts to encourage) harm by other inmates. They also seek relief from defendant Tippie's alleged handling of plaintiff's mail. The motions therefore seek relief beyond the claims in the operative complaint. Because a preliminary injunction must relate to the conduct asserted in the complaint, *Little*, 607 F.3d at 1251 (citation omitted), the court denies plaintiff's motions.

In addition, plaintiff cannot meet at least some of the requirements for a preliminary injunction. First, plaintiff cannot show a likelihood of success on the merits of any claim in his motions because he cannot ultimately achieve success on claims that do not appear in his operative complaint. Second, for at least one of his requests (the request for a transfer), plaintiff would need to meet a heightened standard because a transfer order would require a mandatory injunction. *O Centro*, 389 F.3d at 975. This he cannot do. And third, plaintiff has not shown a threat of irreparable harm in the absence of injunctive relief. Plaintiff does not allege that he has been attacked by other prisoners, and his allegations of threats are vague. To the contrary, his pleadings and motions show that he has been moved or placed in segregation when necessary for his safety. Plaintiff has not met his burden of showing that the extraordinary remedy of an injunction is warranted.

**IT IS THEREFORE ORDERED** that plaintiff's motions for injunctive relief (Docs. 57 and 65) are denied.

-3-

**IT IS FURTHER ORDERED** that plaintiff's motion for an order regarding his outgoing legal mail (Doc. 86) (also construed as a motion for a preliminary injunction) is denied.

Dated this 26th day of February, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**