# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN, )
)
            Plaintiff, )
)
v. )   Case No.: 18-3135-CM-KGG
)
BOARD OF COMM'RS OF )
COLUMBUS, KANSAS, )
)
           Defendant. )
_____)

## **MEMORANDUM & ORDER**

Now before the Court is Plaintiff's Motion to Compel. (Doc. 103.) As discussed below, Plaintiff's motion is **DENIED**.

Plaintiff's motion consists of three requests: 1) to compel Cherokee County Jail to "let [him] review al DVDs or CD-ROMs submitted, or strike them from the record;" 2) to compel the Jail "to hand over all grievances to Plaintiff an[d] correspondences from [illegible] to properly defend [against] Motion to Dismiss;" and 3) to compel the Jail "to submit food [menu], courts an[d] Plaintiff cannot properly respond to Defendants Dismissal without all the facts." (Doc. 103.) Defendant responds that Plaintiff has failed to "identify any rule or other law under which his motion may be properly filed." (Doc. 104, at 1.) Defendant argues that although the motion is styled as a Fed.R.Civ.P. 37 motion to compel, "it contains

no references to antecedent requests or the attachments and certifications required by F.R.C.P. 37(a)(1) or D. Kan. Rule 37.1(a)." (*Id.*)  Plaintiff did not file a reply to Defendant's response.

A motion to compel is proper when a party has submitted formal discovery to another party such as interrogatories (Fed.R.Civ.P. 33) or requests for production of documents (Fed.R.Civ.P. 34) and the other party has not properly responded.  Defendant is correct that D. Kan. Rule 37.1(a) requires any motion to compel to "be accompanied by copies of the ... portions of the ... [discovery] requests or responses in dispute."

> Lack of compliance with this local rule is more than a mere technicality.  Without a copy of the disputed requests … the Court is unable to assess … the sufficiency of either Plaintiff's requests or [Defendant's] objections.

***Carter v. Spirit Aerosystems, Inc.***, No. 16-1350-EFM-GEB, 2018 WL 5923487, at *7 (D. Kan. Nov. 13, 2018).

That stated, Courts in this District allow a moving party who has failed to include copies of the discovery requests and responses at issue to refile the motion in compliance with D. Kan. Rule 37.1.  ***Bell v. City of Topeka, Kan.***, No. 06-4026-JAR, 2007 WL 852635, at 1-2 (D.Kan. March 20, 2007).  Thus, if Plaintiff has previously served written discovery requests seeking this information from Defendants – and Defendants have failed to respond, have objected improperly, or

have responded insufficiently to such written discovery requests – Plaintiff may refile this motion and attach the corresponding discovery requests and responses (or objections) to the refiled motion. If no such written discovery requests have been served by Plaintiff, any such refiling will not be considered by the Court. *Carter*, 2018 WL 5923487, at 7.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 103) is **DENIED**, subject to refiling if written discovery requests regarding these topics were previously served on Defendant.

IT IS SO ORDERED.

Dated this 11th day of April, 2019, at Wichita, Kansas.

                                       S/ KENNETH G. GALE
                                       HON. KENNETH G. GALE
                                       U.S. MAGISTRATE JUDGE