# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN WATERMAN, )
)
        Plaintiff, )
)
v. )
) Case No. 18-3135-CM-KGG
BOARD OF COUNTY COMMISSIONERS )
OF CHEROKEE COUNTY, KANSAS, et al., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiff Brian Waterman, a prisoner in the Sedgwick County Jail, brings this § 1983 civil rights action pro se against a number of defendants associated with the Cherokee County Jail. Two of those defendants are Jonathan Manzer and Manzer Family Medicine, LLC ("MFM"). Plaintiff brings Count III against these two defendants, as well as Kristin Wagner, who is a nurse who works at the jail. In Count III, plaintiff claims that these three defendants showed deliberate indifference to his serious medical needs by failing to properly address plaintiff's weight loss and malnutrition. The case is before the court on two motions to dismiss, filed by defendants Jonathan Manzer and MFM (Docs. 93 and 95).

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely

-1-

conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

When, as here, a plaintiff is proceeding pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than lawyer-drafted pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). Liberal construction does not, however, "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court need not accept as true those allegations that state only legal conclusions. *See id.* at 1110.

Most of plaintiff's allegations in Count III relate to actions of defendant Wagner—not defendants Manzer and MFM. Plaintiff had an ongoing dispute with defendant Wagner about the amount of food he received in jail and how the lack of nutrition was impacting his health. But plaintiff does mention both moving defendants briefly. He states that "on March 7, 2018 I was sent to doctor Jo[]nathan Manzer, at Manzer Health Clinic. Captain Michelle Tippie stated Dr. Manzer concurred with APRN Wagner's treatment, and medical care." (Doc. 53, at 9.) Plaintiff does not specifically allege that defendant Manzer was acting as a state actor when he saw plaintiff, but defendant Manzer has not contested his treatment as a state actor (and in fact seeks Eleventh Amendment immunity[1]), so the court accepts for purposes of this Memorandum and Order that he was. *See West v. Atkins*, 487 U.S. 42, 54–57 (1988) (holding that a private doctor under contract to treat prisoners acted under color of state law).

---

[1] The court recognizes that Eleventh Amendment immunity is treated as a question of subject matter jurisdiction. *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017). The court therefore regularly engages in Eleventh Amendment analysis before looking at the merits of claims. But here, defendants did not give the court enough information to determine whether immunity applies, and there are alternative bases for dismissal, so the court has not addressed immunity.

The allegations against both defendant Manzer and MFM are insufficient for a number of independent reasons. One reason is that plaintiff has failed to adequately allege personal participation in a constitutional violation on the part of either defendant. Plaintiff complains that he has received constitutionally-deficient medical care from defendant Wagner. But he only alleges that on one occasion, he was sent to MFM and that defendant Manzer concurred with defendant Wagner's treatment. These allegations are insufficient to adequately allege personal participation, and at least with respect to MFM, appear only to seek to hold the company liable under a theory of respondeat superior. This is impermissible in a § 1983 action such as plaintiff's. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994). Individual liability under § 1983 must be based on personal involvement. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). "[P]ersonal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (citation omitted). A defendant cannot be held liable for money damages in a civil rights action based solely upon the theory of respondeat superior. *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). The defendant must be actually involved in the constitutional violation. Plaintiff has failed to allege that either defendant Manzer or MFM had any personal involvement in a denial of proper medical treatment, and dismissal of both parties is appropriate.

As for any claim against defendant Manzer in his official capacity, the court also dismisses this claim. "[A] judgment against a public servant in his official capacity imposes liability on the entity he represents, provided, of course, the public entity received notice and an opportunity to respond." *Brandon v. Holt*, 469 U.S. 464, 471–73 (1985) (internal quotation marks and citation omitted). But to state a claim against the public employer, there must be an underlying violation by the employee. *See*

*Estate of Larsen ex. rel Sturdivan v. Murr*, 511 F.3d 1255, 1264 (10th Cir. 2008) ("[W]ithout the predicate constitutional harm inflicted by an officer, no municipal liability exists[.]") (citation omitted). The court assumes, for purposes of this motion, that defendant Manzer had a public employer.

To establish a constitutional violation for medical treatment, plaintiff must allege deliberate indifference to his serious medical needs. Deliberate indifference to a prisoner's serious medical needs contains both a subjective and an objective component. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). For the objective component, this court requires that the medical need be sufficiently serious, which is a category that has been defined to include a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotations omitted).

As for the subjective component, a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Rauh v. Ward*, 112 F. App'x 692, 694 (10th Cir. 2004) (citing *Hunt*, 199 F.3d at 1224). A plaintiff need not show that a prison official acted or failed to act believing that harm actually would occur to an inmate; rather, "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Moreover, whether a prison official had the requisite knowledge of a substantial risk is a question of fact, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. *Id.*

Plaintiff alleges that defendant Manzer saw him once, on March 7, 2018. The complaint does not state defendant's weight on that date—only that plaintiff weighed 171 pounds on February 1, 2018;

166 pounds on February 8, 2018; 152 pounds in May; and 142 pounds in October 2018. There are no allegations that would support a finding of either objective or subjective deliberate indifference by defendant Manzer in March 2018, when he saw plaintiff once and "concurred with APRN Wagner's treatment, and medical care." Based on the allegations in plaintiff's complaint, the majority of his weight loss came sometime after he saw defendant Manzer. There are no allegations that would suggest that plaintiff had an obvious condition or that defendant Manzer should have known that plaintiff faced a substantial risk of harm on March 7, 2018. Without an underlying constitutional violation, an official capacity claim is not viable.

The court need not address the other arguments of defendants, as the reasons stated above are independently sufficient to dismiss the claims against them.

**IT IS THEREFORE ORDERED** that defendants Jonathan Manzer's and Manzer Family Medicine, LLC's motions to dismiss (Docs. 93 and 95) are granted. These two parties are dismissed from the case.

**IT IS FURTHER ORDERED** that defendants' motion to strike surreply (Doc. 120) is denied as moot. Although plaintiff did not seek leave to file a surreply or otherwise justify the need for one, plaintiff's surreply did not impact the ruling on defendants' motions to dismiss.

Dated this 26th day of June, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**