IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
BRIAN WATERMAN,                      )
                                     )
            Plaintiff,               )
                                     )
v.                                   )
                                     )   Case No. 18-3135-CM-KGG
BOARD OF COUNTY                      )
COMMISSIONERSOF CHEROKEE             )
COUNTY, KANSAS, et al.,              )
                                     )
            Defendants.              )
_____ )
```

## **MEMORANDUM AND ORDER**

Now before the Court is Plaintiff's Motion for counsel. (Doc. 123.) Plaintiff has filed four prior motions requesting counsel (Docs. 12, 46, 59, 89) all of which have been denied without prejudice (Docs. 14, 48, 82, 90). In the most recent of Plaintiff's prior requests for counsel (Doc. 89), the Court found no justification for appointing counsel but indicated the issue would be revisited if Plaintiff survived Defendants' dispositive motion. (Doc. 90, at 2.) The District Court recently granted in part and denied in part (Doc. 122) Defendants' Motion to Dismiss (Doc. 97).

The undersigned Magistrate Judge notes that the claims that survived dismissal are not particularly complicated. *Cf*. ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal

issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Further, Plaintiff has demonstrated the ability to represent himself, particularly in opposing the dispositive motion. As such, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.

The Motion to Appoint Counsel (Doc. 123) is, therefore, **DENIED**.

**IT IS SO ORDERED.**

Dated this 15th day of July, 2019, at Wichita, Kansas.

                         s/ KENNETH G. GALE
                         HON. KENNETH G. GALE
                         U.S. MAGISTRATE JUDGE