**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BRIAN MICHAEL WATERMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 18-3135-CM-KGG** |
| **BOARD OF COUNTY COMM'RS OF** ) | |
| **CHEROKEE COUNTY, KANSAS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Brian Michael Waterman moves the court to reconsider (Doc. 125) its earlier ruling on

the motion to dismiss brought by various defendants. (Doc. 97.) Plaintiff is currently incarcerated at

the Sedgwick County Jail; however, his complaint focuses on his earlier experiences as a pretrial

detainee at the Cherokee County Jail in Columbus. In his amended complaint (Doc. 53), plaintiff set

forth five counts against eight defendants, seeking $850,000 in damages. Following the analysis of

several motions to dismiss for failure to state a claim (Doc. 93, 95, 97), the court narrowed these

claims down to three, with four defendants. (Docs. 121, 122). The remaining counts include:

Count II: against defendant captain Michelle Tippee and defendant disciplinary officer Thomas

DeGroot, in their individual capacities only, for three separate incidents where plaintiff was placed in

segregation, allegedly as punishment and without any disciplinary proceeding;

Count III: against defendant nurse Kristin Wagner and defendant kitchen supervisor Danny

Davis for providing plaintiff with insufficient food such that he sustained a thirty-pound weight loss

during his confinement, and experienced significant physical pain; and

Count V: against defendant nurse Wagner for withholding or postponing treatment of plaintiff's staph infection for eight to nine days after it was diagnosed.

Plaintiff has filed the present motion to reconsider the dismissal of Counts I and IV. As no judgment has entered in this matter, the court, at its discretion, may reconsider its earlier order. *Trujillo v. Bd. of Educ. of Albuquerque Public Schools*, 470 F. Supp. 2d 1270, 1274 (D.N.M. 2005) (citing *Raytheon Constructors, Inc. v. Ascarco, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003)); see also Fed. R. Civ. P. 54(b).

Both contested counts are claims against jail employees for incidents of excessive force, which the court dismissed based on the doctrine of qualified immunity. Count I alleges that defendant jail employee Ayrek Smith shoved plaintiff into his cell from behind, while he was stooping to adjust his shoe. This action hurt plaintiff's neck. In support of their motion to dismiss, defendants proffered video footage of this incident; however, because plaintiff contested the authenticity of the video, the court did not consider it. Instead the court only considered the factual allegations set forth in plaintiff's amended complaint, assuming them to be true, as is required when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Nevertheless, the court concluded that, even if the event unfolded precisely as plaintiff recounted, defendant Smith is protected by the doctrine of qualified immunity because there is no case law that clearly establishes that a bare-handed push to an apparently non-compliant prisoner violates the constitution. (Doc. 122, at 9.) *See Scott v. City of Albuquerque*, 711 F. App'x 871, 880 (10th Cir. 2017). In his motion to reconsider, plaintiff points out that defendant Smith's culpability is revealed by the fact that he was fired from his employment at the jail after this incident and by the fact that he did not submit a sworn affidavit as did the other defendant officers. Moreover, defendants have further tried to conceal the truth by fraudulently replacing the surveillance video, and its soundtrack, with a filmed reconstruction of the episode featuring an officer in an orange

jumpsuit masquerading as plaintiff. None of plaintiff's allegations change the court's initial decision that defendant Smith is entitled to qualified immunity for his actions and that Count I must be dismissed.

Count IV, against defendant DeGroot, involves an incident when plaintiff was handcuffed too tightly, causing a bruised wrist. When plaintiff refused to allow his second wrist to be cuffed, defendant DeGroot allegedly yanked him by one cuff, causing plaintiff to stumble and scrape his knee. As with Count I, the court concluded that defendant DeGroot was entitled to qualified immunity for this incident, as it was not a violation of a clearly-established constitutional right. (Doc. 122, at 9.) In his motion for reconsideration, plaintiff alleges that securing handcuffs too tightly is a violation of jail policy. He also alleges that the video depicting this episode was altered, and that he was not provided with a copy of a report describing this incident. Again, none of these allegations change the court's earlier conclusion that defendant DeGroot is entitled to qualified immunity for this excessive force claim, and that Count IV must be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider the dismissal of Counts I and IV from his amended complaint is denied. (Doc. 125.)

Dated this 9th day of October, 2019, at Kansas City, Kansas.


s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**