**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BRIAN MICHAEL WATERMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY JAIL, et al., )<br>)<br>Defendants. )<br>) | Case No. 18-3092-CM-KGG |

| | |
|---|---|
| BRIAN MICHAEL WATERMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOARD OF COUNTY COMM'RS )<br>OF CHEROKEE COUNTY, KANSAS, )<br>et al., )<br>)<br>Defendants. )<br>) | Case No. 18-3135-CM-KGG |

## MEMORANDUM AND ORDER

Defendants in the above-captioned cases have moved to consolidate these two matters. (18-3092, Doc. 60; 18-3135, Doc. 128.) Pro se plaintiff Brian Michael Waterman filed these two complaints, one in April and one in May of 2018, concerning his treatment while being held as a pretrial detainee at the Cherokee County Jail in Columbus, Ohio. Following motions to dismiss in both matters, the initially large number of defendants has been reduced to seven, one of whom, defendant jail captain Michelle Tippee, is defendant in both matters. The other remaining defendants, Thomas DeGroot, Kristin Wagner, Danny Davis, Amanda Phillips and Judah Ellis, are all, to the best of the court's understanding, employees of the Cherokee County Jail. The remaining claims in the first-filed

-1-

complaint include a claim that plaintiff was subjected to punitive segregation without due process and a claim that he was denied access to religious services during this period of segregation. The second case also concerns three claimed incidents of segregation with no due process, and two claims alleging medical neglect.

According to the procedural rules, the court may consolidate these actions, as long as they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). While the decision may be made at the court's discretion, the court is instructed to balance "the interests of judicial convenience . . . against the delay, confusion, and prejudice consolidation might cause." *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). These two cases involve similar allegations, punitive segregation imposed without due process; an overlapping defendant, Michelle Tippie; the same facility, Cherokee County Jail; and the same time frame, late 2017 – spring 2018. Because of these similarities, the court concludes that it would serve all parties' interests in convenience and economy for these matters to be consolidated. Plaintiff objects to the consolidation, arguing that defendants seek consolidation in an effort to further sabotage his case through manipulative and fraudulent tactics. (18-3135, Doc. 132.) Nonetheless, plaintiff demonstrates the convenience of consolidation by filing a single objection captioned with both case numbers.

**IT IS THEREFORE ORDERED** that defendants' motions to consolidate cases 18-3092 and 18-3135 are hereby granted. (Docs. 60, 128). Case number 18-3092 will be the lead case and all future filings should be made in that case.

Dated this 10th day of October, 2019, at Kansas City, Kansas.

                                 **s/ Carlos Murguia**
                                 **CARLOS MURGUIA**
                                 **United States District Judge**